UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert H.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:22-cv-1228

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff objects to the Magistrate Judge's recommendation in this Social Security case. For the following reasons, his objections are **OVERRULED**.

### I. BACKGROUND

Plaintiff applied for a Period of Disability and Disability Insurance Benefits in June 2017 but was denied initially and denied again on reconsideration. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. That decision was affirmed by the Appeals Council, rendering it the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff filed suit in this Court to vacate the Commissioner's decision. Compl., ECF No. 1-1.

In his Statement of Specific Errors, Plaintiff argued only that the ALJ erred by failing to evaluate the persuasiveness of his treating physician's, Dr. Timson, opinion. Stmt. Specific Errors at 14–17, ECF No. 9.

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's denial. R&R, ECF No. 11. Specifically, citing Sixth Circuit caselaw, the Magistrate Judge agreed with the Commissioner that "Dr. Timson's medical opinion is confined to the time period after Plaintiff's date last insured and therefore was properly rejected by the ALJ." R&R 7, ECF No. 11 (citing ECF No. 10 at 4). Moreover, the Magistrate Judge found substantial evidence supported the ALJ's alternative conclusion that Dr. Timson's opinion lacked consistency because it was internally inconsistent and inconsistent with treatment notes prior to Plaintiff's date last insured. *Id.* at 12–17. Finally, the Magistrate Judge concluded Plaintiff's harmless error argument was "not well taken." *Id.* at 16.

## II. OBJECTIONS

Plaintiff objects that although Dr. Timson's opinion states the opined limitations started after Plaintiff's date last insured, the limitations may have existed prior to Plaintiff's date last insured; thus, the ALJ should have considered the opinion. Obj. 2–3, ECF No. 12. Alternatively, Plaintiff contends the ALJ was required to consider the persuasiveness of Dr. Timson's opinion, even if the opined limitations began after Plaintiff's date last insured. *Id.* at 2.

Having argued that the ALJ should have considered the opinion's persuasiveness, Plaintiff next argues that the ALJ did not sufficiently do so. *Id.* at 3–4. Plaintiff does not object to the Magistrate Judge's recommendation that

substantial evidence supports the ALJ's conclusion that Dr. Timson's opinion was inconsistent with record evidence. But, Plaintiff objects that the ALJ failed to explicitly address the *supportability* of Dr. Timson's opinion, as required by the regulations. *Id.* Finally, Plaintiff recites the harmless error standard but fails to object to the Magistrate Judge's rejection of his harmless error argument. *Id.* at 4–5.

### III. STANDARD OF REVIEW

Per Federal Rule of Civil Procedure 72(b), the Court reviewed de novo the properly objected-to portions of the R&R.

### IV. ANALYSIS

Dr. Timson's opinion is found at ECF No. 8-7 at PAGEID ## 708–09 (TR 663–664). Therein, Dr. Timson opined that Plaintiff could stand for less than two hours in an eight-hour workday and would require the flexibility to change positions at will every hour. *Id.* She further opined that Plaintiff could never stoop, could only occasionally twist, crouch, push, or pull, and should avoid concentrated exposure to certain environmental hazards. *Id.* Importantly, Plaintiff's date last insured was 12/31/2016. ECF No. 8-2 at PAGEID # 59 (TR 19). Dr. Timson's opinion, however, was dated 7/16/2019, and it stated that the limitations opined therein had applied to Plaintiff since "1/2017." ECF No. 8-7 at PAGEID ## 709 (TR 664).

As an initial matter, Plaintiff's argument that there is "no more than a day's discrepancy in date range" between Plaintiff's date last insured and the date Dr.

Timson opined Plaintiff's limitations began, Obj. 3, ECF No. 12, is factually incorrect. Dr. Timson did not opine that Plaintiff's limitations began on 1/1/2017. Instead, she opined that the limitations began "1/2017," ECF No. 8-7 at PAGEID ## 709 (TR 664), which means sometime during the month of January 2017. That means Plaintiff's limitations could have started as long as a month after Plaintiff's last insured date. More importantly, whether it is by one day or one month, the bottom line is that Plaintiff's long-time treating physician opined in 2019 that Plaintiff began experiencing limitations *after* his date last insured.

Under Sixth Circuit precedent, the ALJ was not required to consider Dr. Timson's opinion to the extent it did not relate back to Plaintiff's condition before his date last insured. *Emard v. Comm'r of Soc. Sec.*, 953 F. 3d 844, 850 (6th Cir. 2020). Although Dr. Timson's opinion's reference to a within-period x-ray might have supported a conclusion that Plaintiff's limitations existed before his date last insured, the ALJ did not err by taking Plaintiff's physician *at her own word* that the limitations began afterward. *See Fox. v. Comm'r of Soc. Sec.*, 827 F. App'x 531, 535 (6th Cir. 2020) ("[T]his court will defer to the ALJ's decision if there is substantial evidence to support it, even if there is substantial evidence in the record that would have supported an opposite conclusion." (internal quotation marks and citation omitted)). Given that Dr. Timson's opinion itself said the limitations applied to Plaintiff since a date after the date last insured, substantial evidence certainly supports the ALJ's conclusion that the opinion was irrelevant to the time period at issue. *See Emard*, 953 F.3d at 851 ("[T]his court has made

clear that an ALJ makes no such procedural error by declining to give any weight to the opinion of a treating source offered *after* the claimant's date last insured when the opinion does not relate back to the insured period." (citation omitted)); *see also Grisier v. Comm'r of Social Sec.*, 721 F. App'x 473, 477 (6th Cir. 2018) ("[P]ost-date-last-insured medical evidence generally has little probative value unless it illuminates the claimant's health before the insurance cutoff date." (citations omitted)).

As a final point, the Court rejects Plaintiff's argument that the ALJ was required to consider the persuasiveness of Dr. Timson's opinion even though it related to a time frame outside of Plaintiff's date last insured. Plaintiff argues that such untimely opinions are not included within the list in 20 C.F.R. § 404.1520b(c), which describes types of evidence that are inherently neither valuable nor persuasive. *See* Obj. 2, ECF No. 12. Thus, he contends, because untimely medical opinions are not specifically listed in § 404.1520(c) as inherently neither valuable nor persuasive, the ALJ must consider them. *Id.*

Section 404.1520b categorizes types of evidence that are "relevant" to a claim and discusses how the Social Security Administration evaluates each category, including relevant evidence that is inherently neither valuable nor persuasive. 20 C.F.R. § 404.1520b. It is no surprise that untimely opinions are not listed within the category of evidence that is inherently neither valuable nor persuasive; untimely opinions do not meet even the threshold test of relevance if they do not bear upon a plaintiff's condition before his date last insured, as was

the case here. As such, the ALJ was not required to consider Dr. Timson's untimely opinion. 20 C.F.R. § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the *relevant* evidence in your case record." (emphasis added)); § 404.1520(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the *relevant* medical and other evidence in your case record . . . ." (emphasis added)).

Because the ALJ did not err by failing to consider the persuasiveness of Dr. Timson's opinion, which, by its own terms, did not opine that Plaintiff suffered any limitations before his date last insured, the Court need not consider the remaining aspects of the R&R. Plaintiff's objections are **OVERRULED**. The Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for the Commissioner and close this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**